UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ROBERTO ARCE,

               Petitioner,

       - against –

UNITED STATES OF AMERICA,

               Respondent.

------------------------------X

**MEMORANDUM AND ORDER**

16 Cr. 643 (NRB)

21 Civ. 346 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Roberto Arce, proceeding pro se, has filed a petition under 28 U.S.C. § 2255 to vacate his conviction and sentence of 120 months' imprisonment, following a one-week trial, for conspiring to distribute and possess with the intent to distribute cocaine. (ECF No. 176).[1] In his petition, Arce argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights for two reasons: (1) he claims that his counsel at trial did not call his co-defendant Daniel Monsanto Lopez to testify; and (2) he claims that his appellate counsel did not submit an affidavit from Monsanto Lopez during Arce's appeal. Arce also claims that his due process rights were violated based on deceptive testimony from Government witnesses during his trial. For the following reasons, we deny this motion in its entirety.

---

[1] Unless otherwise noted, all ECF citations are to the docket for Arce's criminal case, 16 Cr. 643.

## BACKGROUND

In July 2016, Arce was arrested for violations of 21 U.S.C. 846. (ECF Nos. 1, 14). Arce subsequently retained counsel in September 2016, (ECF No. 24), shortly before being indicted along with three co-defendants based on violations of 21 U.S.C. 841(a)(1), 841(b)(1)(A), and 846. (ECF No. 27). While all of Arce's co-defendants pleaded guilty prior to trial,[2] as well as another member of the conspiracy who was charged under a separate indictment,[3] Arce continued to maintain his innocence and proceeded to trial in May 2018. Fankbonner Affirmation at 1 (ECF No. 7).[4] The trial took place over the course of one week, with three witnesses testifying against Arce: two co-defendants, as well as a Postal Inspector who had conducted surveillance of the conspiracy. The Government also presented video and photographic evidence, as well as information showing that Arce's IP address was used to track packages of cocaine. Daniel Monsanto Lopez, another co-defendant who had pled guilty before trial and was repeatedly described at trial as the leader and organizer of the conspiracy, did not testify. After less than two hours of jury

---

[2] Osiris Lucho Mesa, Final Presentence Report (ECF No. 190 at ¶ 6); Roberto Lizardo, Judgment in a Criminal Case (ECF No. 199 at 1); Daniel Monsanto Lopez, Judgment in a Criminal Case (ECF No. 201 at 1).
[3] Jose Luis Gutierrez, Judgment in a Criminal Case (ECF No. 83 at 1).
[4] This document is filed in 21 Civ. 346 (NRB).

deliberations, Arce was convicted of conspiring to distribute or possess with intent to distribute 5 kilograms or more of cocaine. (Trial Tr. at 710:11-25). Following his conviction, Arce retained new counsel. (ECF No. 167).

Arce subsequently filed an appeal of his conviction and his 120-month sentence, a mandatory minimum, arguing that the Government belatedly produced certain material in violation of Rule 16 of the Federal Rules of Criminal Procedure and that witness testimony at trial was not credible. United States v. Monsanto Lopez, 798 F. App'x. 688 (2d Cir. 2020). The Second Circuit affirmed his conviction on January 17, 2020. Id. Nearly one year later, proceeding pro se, Arce filed this petition under 18 U.S.C. § 2255 to vacate his sentence and conviction. (ECF No. 227). The Court ordered Arce's trial and appellate counsel to submit affidavits addressing his allegations and to provide copies of relevant documents, noting that Arce had waived his attorney-client privilege as a matter of law. January 28, 2021 Order (ECF No. 6).[5]

## LEGAL STANDARD

A claim of ineffective assistance of counsel may be pursued via a Section 2255 petition. See Massaro v. U.S., 538 U.S. 500,

---

[5] This document is filed in 21 Civ. 346 (NRB).

504-06 (2003).  In order to prove a claim of ineffective assistance of counsel, a party must both show that (1) "counsel's representation fell below an objective standard of reasonableness," and that (2) counsel's "deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  "The performance inquiry must be whether counsel's assistance was reasonable considering all circumstances."  Id. at 688.  In reviewing counsel's performance, judicial "scrutiny. . . must be highly deferential."  Id. at 699.

## DISCUSSION

At the outset, we address Arce's request for a hearing.  Arce does not make a compelling argument for an evidentiary hearing or indicate what additional evidence he would seek to obtain at a hearing.  Both his trial counsel and appellate counsel have filed affidavits, and Arce's appellate counsel has appended as an exhibit an affidavit from Monsanto Lopez that Arce requested be admitted at appeal.  Seeing as this Court "tried the underlying proceedings," there is no need for an evidentiary hearing where a determination can be made "on the basis of the written submissions."  Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011); see also Chang v. United States, 250 F.3d 79, 84-86 (2d Cir. 2001) (finding that an evidentiary hearing would "add little

or nothing to [counsel's] written submissions" where the submissions detailed conversations with the petitioner and contradicted petitioner's claims).

## I.  Arce's Trial Claims

We begin with Arce's claims regarding his trial.  First, Arce claims that, despite his request, his counsel failed to call Monsanto Lopez to testify as a witness.  Second, Arce asserts that his due process rights were violated as a result of false testimony by Government witnesses.

It is well settled that an attorney's decision to call or not to call a witness is not a persuasive predicate for an ineffective assistance of counsel argument.  "[T]he decision to call or bypass particular witnesses is peculiarly a question of trial strategy, which courts will practically never second-guess."  United States ex rel. Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir. 1974); Greiner v. Wells, 417 F.3d 305, 323 (2d Cir. 2005) ("The decision not to call a particular witness is typically a question of trial strategy that reviewing courts are ill-suited to second-guess.").  Even where a witness "might offer exculpatory evidence," courts tend not to view that decision "as a lapse in professional representation."  United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000).  Both Arce's submission and his trial counsel's

affirmation establish that the decision not to call Monsanto Lopez
was a reasoned one that Arce was well aware of during trial.
Fankbonner Affirmation at 1 (ECF No. 7).[6]  To the extent that Arce
claims that he did not consent to his trial counsel's decision,
that does not impact the Court's analysis.  McCoy v. Louisiana,
138 S.Ct. 1500, 1509 (2018) (choices "including the objections to
make, the witnesses to call, and the arguments to advance" "do not
require client consent").  Accordingly, the decision not to call
Monsanto Lopez does not satisfy the standard for ineffective
assistance of counsel.  United States v. Eyman, 313 F.3d 741, 743
(2d Cir. 2002) ("[F]ailure to call a witness for tactical reasons
of trial strategy does not satisfy the standard for ineffective
assistance of counsel.").

    Arce's claim also fails to satisfy the second prong of
Strickland, which requires a showing of prejudice to the defendant.
First, Arce has not proffered contemporaneous evidence indicating
that Monsanto Lopez was willing to testify at his trial.[7]  Second,

---

[6] This document is filed in 21 Civ. 346 (NRB).
[7] This is not a technical point.  Arce ignores practical considerations that
strongly weigh against the likelihood that Monsanto Lopez would have
testified.  At the time of Arce's trial, Monsanto Lopez had pled guilty on
February 12, 2018, but he had not yet been sentenced.  (ECF No. 106).  Had he
testified at Arce's trial, he easily could have exposed himself to a greater
sentence.  His truthful testimony about his own involvement in the conspiracy
could have revealed new information that could have impacted his sentence to
his disadvantage.  Of course, any untruthful testimony to avoid such an
impact would come with its own risks.  It is not unreasonable to assume that
his counsel would have advised him not to testify because of these concerns.

Arce does not identify any supposed testimony by Monsanto Lopez that would have been exculpatory. With no identified testimony, we look to Monsanto Lopez's affidavit as suggestive of the testimony that would have been provided at trial. Monsanto Lopez's affidavit consists of factual disputes over a small selection of the trial record, none of which exonerates Arce. <u>See</u> Kushner Declaration ("Kushner Decl."), Ex. B at 3-4 (ECF No. 8).[8] Monsanto Lopez does not state that Arce was not a part of the conspiracy, nor does he deny that Arce committed any crimes. Regardless of whether the jury accepted all of Monsanto Lopez's testimony as true, there is nothing contained in the affidavit that would have resulted in a determination that Arce was innocent.

Third, Monsanto Lopez's affidavit contains inadmissible critiques of other witnesses' testimony, as well as comments on immaterial matters. The majority of the statements in the affidavit would be inadmissible at trial, as they consist of commentary on the credibility of other witness testimony, which is "exclusively for the determination of the jury," and an issue that other "witnesses may not opine on." <u>United States v. Truman</u>, 688 F.3d 129, 143 (2d Cir. 2012). Moreover, in purely practical terms,

---

Nor can it be forgotten that Monsanto Lopez decided to plea rather than go to trial.

[8] This document is filed in 21 Civ. 346 (NRB).

Monsanto Lopez was in custody during Arce's trial and even if he were not, under Rule 615 of the Federal Rules of Evidence, he would have been excluded from the courtroom and therefore in no position to comment on other witnesses' testimony.  The remainder of the affidavit is immaterial, consisting of disagreements with minor factual statements in the trial record, for example: "Arce's car was light grey, not black."  Kushner Decl., Ex. B at 3-4 (ECF No. 8).[9]

Finally, there is no reason to believe that a jury would have accepted the testimony of a convicted co-defendant when faced with the overwhelming evidence presented at trial.  The Court of Appeals, in considering Arce's appeal, noted that "there was enough evidence that a rational trier of fact could have found Appellant guilty."  United States v. Monsanto Lopez, 798 F. App'x. 688, 691 (2d Cir. 2020).  The evidence presented at trial showed that:

> Appellant carried a box from a known stash house, and that the box had similar characteristics to boxes containing cocaine; the IP address for Appellant's apartment was used to track packages going to the stash house that were similar to packages containing cocaine, and some packages that the evidence suggested contained cocaine; Appellant was using a "burner phone" provided by a coconspirator to communicate about the package of drugs; Appellant arranged for thousands of dollars to be transported to a coconspirator; Appellant picked up a package that coconspirators understood to contain cocaine, and he explained that the

---

[9] This document is filed in 21 Civ. 346 (NRB).

> contents had been sold already; Appellant had a
> scale for weighing drugs and the same vessel used
> for shipping and hiding the cocaine in his
> apartment; and Appellant was listed on what
> appeared to be a drug ledger found at the stash
> house.

Id.

Arce's due process claim also fails as a matter of law, as it is procedurally barred. "It is clear that [s]ection 2255 may not be employed to relitigate questions that were raised and considered on appeal." Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995). Arce raised this claim on appeal, and the Court of Appeals found it to be without merit. Monsanto Lopez, 798 F. App'x. at 691. Arce may not now use the same argument to collaterally attack his sentence under section 2255.

## II. Arce's Appeal Claim

Arce's claim against his appellate counsel likewise fails to satisfy either of the Strickland prongs. As a threshold matter, the Monsanto Lopez affidavit could not have been introduced or considered by the Second Circuit, given that it was not a part of the trial record. Fed R. App. P. 10(a); United States v. Alston, 899 F.3d 135, 139 n.1 (2d Cir. 2018) (finding that if new "information is outside the record [it] cannot be considered by [the Court of Appeals] on appeal"). Therefore, Arce's appellate counsel was not constitutionally ineffective in his representation

during Arce's appeal.

For the reasons stated above, Arce is also unable to show that any of the testimony contained in Monsanto Lopez's affidavit, had it been considered during Arce's appeal, would have resulted in a different decision by the Court of Appeals.  Monsanto Lopez was unlikely to have testified, his testimony would not have been exculpatory and would have either been improper or immaterial, and the jury would have been unlikely to find him credible.

CONCLUSION

For the reasons discussed above, Arce's petition is denied. Furthermore, as Arce has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253.  It is hereby certified that any appeal from this Memorandum and Order would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3).  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 227 in Case No. 16 Cr. 643 and No. 1 in Case No. 21 Civ. 346, and to close Case No. 21 Civ. 346.

-10-

**SO ORDERED.**

Dated:      New York, New York
            November 23, 2021

                              NAOMI REICE BUCHWALD
                        UNITED STATES DISTRICT JUDGE